IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin James Hinzo,<br><br>         Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections (SCDC); Ms. Tonya James (Warden); Mr. Jayson Smith (Associate Warden); and Jennifer McDuffey (Associate Warden),<br><br>         Defendants. | C/A No. 1:23-cv-3636-JFA<br><br><br>**ORDER** |

Justin James Hinzo ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Defendants' motion for summary judgment (ECF No. 32) and Plaintiff's cross-motion for summary judgment (ECF No. 47).

After reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation[1] ("Report"), which opines that Defendants' motion for summary judgment should be granted and Plaintiff's motion should be denied. (ECF No. 53). The Report sets forth, in detail, the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 13, 2024. *Id.* The Magistrate Judge required Plaintiff to file objections by August 27, 2024. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior filings indicates that the Magistrate Judge correctly concluded that Defendants are entitled to summary judgment.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 53). Consequently, Defendants' Motion for summary judgment (ECF No. 32) is granted and Plaintiff's motion for summary judgment (ECF No. 47) is denied.

IT IS SO ORDERED.

October 1, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge